IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL D. WILLIAMS, a.k.a. Michael Dwayne Williams, ID # 727667,     Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 3:09-CV-1209-P-BH |
| ROBERT FRANCIS,     Defendant. | ) ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this action has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Plaintiff, a prisoner currently incarcerated in the Texas prison system, brings this action pursuant to 42 U.S.C. § 1983 against Robert Francis, Dallas County District Judge. (Compl. at 3.) He claims that on or about April 30, 2008, Judge Francis denied him appellate counsel in Cause No. W85-83830. (*Id.* at 3-4.) He purports to seek declaratory relief in the form of appointment of counsel to assist with his state court appeal of his conviction. (*Id.* at 4.) Through a "Jurisdictional Statement" attached to his complaint, he specifically denies applicability of 28 U.S.C. § 2254 because he is no longer in custody on Cause No. W85-83830, as his sentence on that conviction expired on January 7, 1991. (*See* App. A, attached to Compl.) In an affidavit, Plaintiff sets out the following relevant facts:

    1.    On January 7, 1986, he pled guilty in Cause No. W85-83830 before Judge Stephens.

    2.    Plaintiff had a statutory right to appeal at that time.

    3.    Plaintiff learned of his right to appeal in March 2003.

    4.      Plaintiff requested an appeal on September 5, 2003, and Judge Francis denied the request on July 27, 2004.

    5.      The court of appeals dismissed his appeal of that decision for want of jurisdiction on October 18, 2004.

    6.      The Court of Criminal Appeals dismissed his state application for writ of habeas corpus because he was no longer in custody on the conviction.

    7.      On June 23, 2005,[1] the Supreme Court issued *Halbert v. Michigan*, 545 U.S. 605 (2005).

    8.      On January 2, 2007, Plaintiff filed a state application for writ of habeas corpus with Judge Francis in which Plaintiff alleged a denial of counsel to assist in requesting permission to file an out-of-time appeal based upon *Halbert*.

    9.      On March 24, 2008, Judge Francis issued findings and recommended denying Plaintiff appointment of counsel to pursue an out-of-time appeal.

    10.     On April 30, 2008, the Court of Criminal Appeals accepted the recommendation of Judge Francis, and denied habeas relief.

(*See* App. C, attached to Compl.)  No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from an employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a

---

[1] Petitioner indicates that the decision was July 23, 2005.  The Court uses the actual date of the decision.

defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III.  SECTION 1983

Plaintiff brings this action under 42 U.S.C. § 1983 to obtain declaratory relief in the form of appointment of counsel to assist with his state court appeal of his 1986 conviction. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

Plaintiff complains that Judge Francis denied him appointed appellate counsel in 2008. Although Plaintiff characterizes his claim as a denial of counsel for "his first-tier right to appeal" (*see* Compl. at 3), the denial of counsel for a first-tier appeal occurred in 1986, if at all. Judge Francis was not personally involved in Plaintiff's criminal case in 1986.[2] He denied a request to appeal in 2004, and recommended denial of Plaintiff's requests for leave to pursue an out-of-time appeal and for appointment of counsel to assist in filing such an appeal in 2008.

There is no federal statutory or constitutional right to an out-of-time appeal. Texas prisoners

---

[2] Because there must be some showing of personal involvement by a particular individual defendant to prevail against such individual, Plaintiff has no valid claim against Judge Francis for the denial of counsel that allegedly occurred in 1986. *See Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

3

must proceed through the state habeas process to obtain leave to appeal after the time for appeal has expired. *See Jimenez v. Quarterman*, 129 S. Ct. 681, 683-84 (2009) (discussing process). Because prisoners have no constitutional right to counsel when collaterally attacking their convictions, except for their "first appeal of right", *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), Plaintiff had no constitutional right to counsel to assist in obtaining an out-of-time appeal. Until Texas grants him leave to file an out-of-time first appeal, he has no right to appointment of counsel.

Judge Francis violated no federal statutory or constitutional right when he recommended that Plaintiff's request for an out-of-time appeal and for appointment of counsel be denied in 2008. Consequently, Plaintiff has failed to state a claim upon which relief can be granted against Judge Francis. Plaintiff has asserted no plausible claim to relief under § 1983 against Judge Francis.[3]

## IV. RECOMMENDATION

The Court should **DISMISS** this action with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

---

[3] To the extent Plaintiff premises his complaint on acts or omissions of Judge Francis in 2004 or of Judge Stephens in 1986, his complaint is untimely. The limitations period for a § 1983 action is determined from the "general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). In view of Texas' two-year statute of limitations for personal injury claims, *see id.*, the limitations period has already expired for acts or omissions in 2004 or 1986. Plaintiff may not revive the limitations period for acts or omissions from 1986 or 2004 by later invoking a state process and then suing the judge after an adverse ruling.

[4] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
    In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**SIGNED this 30th day of June, 2009.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE